By
the Court:
The writs of execution, by which lands are made liable to the payment of debts in England, must be returned, because they cannot be executed by the authority of the Sheriff alone: in an elegit for instance, he must take an inquest according to the statute; therefore a return is necessary, in order to shew that he has acted properly.
But the Stat. of 5 Geo. 2, Cap. 7, though it renders land liable to the same process with chattels for the satisfaction of debts, does not place the writ of fieri facias upon the same sooting, in this respect, with the elegit. It merely enlarges its object, by giving it an extent it had not before, but does not thereby create any necessity for returning it. If lands are to be sold under it, in the same *13 manner as chattels, there is no more necessity for returning it in the one case than in the other. That it is not necessary in the latter, Hoe's case, in 5 Rep. is a decisive authority. The neglect of making a return will subject the Sheriff to an amercement, but the execution, nevertheless, retains its validity; the same principle extends to all judicial writs, duly executed, where the Sheriff is alone competent to complete them.
There is nothing in the act of 1777, sect. 29, which in the remotest degree, warrants a contrary conclusion. The words are, “that all process that “heretofore issued against goods, chattels, lands and “tenements, shall for the future issue in the same “manner; and such as issued only against goods and “chattels shall hereafter issue against lands and tenements as well as goods and chattels." The writ of elegit answers the description of the former part of the clause; consequently it may continue to issue: but the superior efficacy of the fieri facias has superseded it in practice.
II. That where a notice is given to take depositions, between the hours of ten in the morning, and five in the afternoon, depositions taken under such notice, ought not to be read, unless it appears, that they were taken within the time specified; otherwise the adverse party might be deprived of the benefit of cross-examination, by the depositions being taken before or after the time; at neither of which periods is he bound to attend. *14 This point was mentioned at the bar, to have been so ruled on the last Circuit, by Stone, J.
Henderson for the Plaintiff.
Duffy for the Defendant.
III. Where a witness is called upon by one party, and examined to a particular fact, as the execution of a note, and is afterwards cross-examined by the other party, as to other facts; the party first calling him cannot object to his testimony on the ground of interest. A party ought not to invalidate his own witness; and it is unreasonable that he should produce a witness, with the means in his power of destroying his credit if he testified against him.
IV. That the plaintiff's title was essentially defective, in as much as Lacey had conveyed the lands without having had possession, and at a time when there was an actual, adverse possession against him by Nicholas Larrimore, leaving in Lacey only the right of possession which cannot be conveyed; Co. Litt. 214.
The jury found a verdict for the plaintiff, subject to the opinion of the Court upon the latter point, which at the instance of the counsel was reserved; and at the following term Macay and Moore, Judges, gave judgment against the plaintiff, upon this ground.